IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ANDREW MOORE,

    Petitioner,               No. CIV S-07-1365 JAM EFB P

    vs.

T. FELKER, Warden, et al.,

    Respondents.            ORDER AND FINDINGS
                                                                    & RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the July 11, 2007, petition. Respondents move to dismiss on the ground that the petition is untimely. After completion of the briefing on the motion to dismiss, petitioner filed a request for leave to file an amended petition that would add two previously unexhausted claims.[1] For the reasons explained below, the motion to amend is unnecessary and the motion to dismiss, even in light of petitioner's purported amendment, must be granted.

////

////

---

[1] Petitioner submitted this request twice. Once on August 11, 2008, and again on August 29, 2008. The requests seek to add the same two claims and are duplicative.

1

I.    **Procedural History**

On July 21, 1998, in the Sacramento County Superior Court, petitioner pleaded guilty to thirteen counts of robbery with special allegations of personal use of a firearm as to twelve of the thirteen counts. Pet. at 2; Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodg. Doc.") 2 at 6-7. Petitioner also admitted a "strike prior" and was sentenced to a total state prison term of thirty years.[2] Pet. at 2; Lodg. Doc. 2 at 4-5. Petitioner did not challenge his conviction on direct appeal. Pet. at 2. However, petitioner filed the following post-conviction collateral challenges in the state courts:

(1) July 7, 2006: habeas corpus petition filed in the Sacramento County Superior Court, and denied on August 8, 2006.[3] Lodg. Docs. 1, 2. In addressing petitioner's claims, the court found that the "strike prior," based on petitioner's prior conviction for second degree burglary, could not constitute a "strike" because second degree burglary is not a serious or violent felony.

---

[2] On April 13, 2006, in responding to petitioner's request for a transcript, the Sacramento County Superior Court, *sua sponte*, found that petitioner's sentence was unlawful. The court explained:

> Counts 1, 2, 3, 4, and 5 were imposed consecutively to Count 12, at 1/3 the midterm doubled by the "strike prior," but their attaching Penal Code § 12022.5(a) and 12022.53(b) enhancements were imposed concurrently to Count 12 at 1/3 the midterm. That was unlawful; when an enhancement attaches to a count that is imposed consecutively, the enhancement also must be imposed consecutively, as required by Penal Code § 1170.1(a). Further, Counts 6, 7, 8, 9, 10, 11, and 13 were imposed concurrently to Count 12, and their attaching Penal Code § 12022.53(b) enhancements were attached concurrently but at 1/3 the midterm. That also was unlawful, as any term imposed concurrently is imposed fully and not at 1/3 the midterm; rather, the 1/3 the midterm rule applies only to consecutive terms under Penal Code § 1170.1(a).

Pet. at unnumbered pages 23-26 (April 13, 2006 Order of the Sacramento County Superior Court). The court, noting that an unlawful sentence may be corrected at any time, vacated and lawfully reimposed the sentence to "again reach a 30-year sentence as contemplated by the parties in the plea agreement." *Id.*

[3] The court also found that petitioner should not have been subjected to a gun enhancement on Count 13. The court ordered "that the concurrent sentence of 10 years for a Penal Code § 12022.53(b) enhancement with regard to Count 13, as imposed on April 13, 2006 is VACATED; the remainder of the sentence as imposed on April 13, 2006, remains intact." Lodg. Doc. 2 at 6.

2

However, the court found that petitioner was estopped from raising such a claim on habeas corpus, explaining that:

> For whatever reason petitioner chose to accept the plea bargain, [and] he should not be allowed to come into this court, eight years later, and attempt to undo his sentence and convictions on this ground; that is trifling with the courts, in an attempt to obtain an even better sentence than the 30-year sentence he was able to receive for committing thirteen robberies, all but one of which was with personal gun use.

Lodg. Doc. 2 at 6.

(2)  December 6, 2006: habeas corpus petition filed in the California Supreme Court, and denied on June 27, 2007.  Lodg. Docs. 3, 4.

(3)  December 15, 2006: habeas corpus petition filed in the Sacramento County Superior Court, and denied on December 28, 2006.  Lodg. Docs. 5, 6.

(4)  December 27, 2006: habeas corpus petition filed in the Court of Appeal, Third Appellate District, and denied on January 25, 2007.  Lodg. Docs. 7, 8.

(5)  September 18, 2007: habeas corpus petition filed in the California Supreme Court, and denied on March 12, 2008.  Lodg. Doc. 9; Pet.'s Mot. to Supp., Docket No. 19, at 3.

(6)  November 8, 2007, habeas corpus petition filed in the California Supreme Court, and denied on March 12, 2008.  Lodg. Doc. 10; Pet.'s Mot. to Supp., at 4.

Petitioner filed the instant petition on July 11, 2007.  He claims that his prior conviction for second degree burglary could not lawfully be the basis for a "strike prior" to enhance his sentence, that his trial counsel had been ineffective in not determining that the second degree burglary could not constitute a "strike prior," and that the trial court erred in denying his motion for new counsel pursuant to *People v. Marsden*, 2 Cal.3d 118 (1970).  Petitioner also contends that the trial court should have resentenced petitioner to a term of 20 years when on August 8, 2006, it determined that petitioner's prior conviction could not constitute a "strike prior."

Respondents contend that the petition was filed outside the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1).

**II.     Standards**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The period "is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).  In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  These circumstances must actually cause the untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

4

### III. Analysis

Here, because petitioner did not seek direct appellate review of the judgment of conviction imposed on July 21, 1998, the judgment became final sixty days later, on September 21, 1998. *See* Cal. R. Ct. 8.308(a); Fed. R. Civ. P. 6(a). Although petitioner was later resentenced, he is challenging the validity of his original sentence. In resentencing petitioner, the court corrected the way in which the firearm enhancements were imposed. The determination to use petitioner's "strike prior," however, was made at petitioner's original sentencing. Accordingly, the statute of limitations began to run on September 22, 1998, the day after judgment became final. Thus, petitioner had until September 21, 1999, to file the instant petition. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed the instant petition on July 11, 2007. Absent statutory or equitable tolling, the petition is untimely.

Petitioner did not file this first petition until July 7, 2006. Since petitioner did not file any post-conviction collateral actions within the limitations period, he is not entitled to statutory tolling. Additionally, petitioner sets forth no basis for finding that extraordinary circumstances made it impossible for him to file a timely petition. Thus, petitioner is not entitled to equitable tolling either.

Petitioner argues that the statute of limitations should not bar relief because he is actually innocent of the "strike prior," as determined by the trial court on August 8, 2006. A credible claim of actual innocence will excuse a habeas petitioner's procedural default. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). However, neither the Supreme Court nor the Ninth Circuit Court of Appeals has decided that such a claim will toll the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir.2002). Assuming such an exception exists, petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty. *Schlup*, 513 U.S. at 327. Moreover, to be credible, an actual-innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it

be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* at 324.

Here, petitioner was convicted by his own plea of guilty. His claim of "actual innocence" is directed at the prior conviction from years before that was used as a "strike" to enhance his sentence. The Supreme Court has declined to determine whether the actual innocence exception should be extended to include noncapital sentencing error cases. *See Dretke v. Haley*, 541 U.S. 386 (2004). Even if it applied, petitioner has not presented any "new reliable evidence" as required by *Schlup*. When the trial court found petitioner was "innocent" of the "strike," it merely attached legal significance to facts known to petitioner at the time of his conviction. Petitioner's ignorance of the legal significance of known facts does not entitle him to equitable tolling. Thus, petitioner's assertion of actual innocence fails.

## IV. Petitioner's Motions to Amend

Petitioner seeks leave to amend to add two newly exhausted claims to his petition. While petitioner did not file an amended petition, he describes the claims he seeks to add as: (1) the trial court's sentencing errors constitute cruel and unusual punishment; and (2) the Antiterrorism and Effective Death Penalty Act is unconstitutional. Under Rule 15(a) of the Federal Rules of Civil Procedure, petitioner is entitled to amend his petition once as a matter of course before a responsive pleading is served. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) (applying Rule 15(a) to habeas corpus petitions). Since respondents filed only a motion to dismiss, which is not a responsive pleading within the meaning of Rule 15(a), an amended petition would not require leave of court. Thus, petitioner's motions to amend his petition to add two newly exhausted claims are denied as unnecessary. It is herein recommended however, that the instant petition be dismissed as time-barred, and based on the characterization of the newly exhausted claims, it appears that they too would be time-barred.

////

////

**V.     Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motions to amend his petition, docket nos. 19, 20, are denied as unnecessary.

Further, it is hereby RECOMMENDED that respondents' amended motion to dismiss, docket no. 13, be granted and the petition for writ of habeas corpus be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE